IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN L. JONES<br>*Plaintiff*<br><br>v.<br><br>AKER PHILADELPHIA SHIPYARD, INC.<br><br>*Defendant* | Civil Action No. 10-<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

1. Plaintiff is Stephen L. Jones, an individual residing at 968 Ashland Avenue, Eddystone, PA 19022.

2. Defendant is Aker Philadelphia Shipyard, Inc., believed to be a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 2100 Kitty Hawk Avenue, Philadelphia, PA 19112.  All acts complained of herein occurred in Philadelphia, PA.

3. The jurisdiction of this Court is invoked pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, et seq.

4. Plaintiff has exhausted his administrative remedies by timely filing a charge with the Philadelphia Commission on Human Relations and cross-filing with the Equal Employment Opportunity Commission. Plaintiff received a Right to Sue Letter from the EEOC on or about February 5, 2010.

5. Plaintiff is a 47 year old man who was hired by Defendant in 2000. Plaintiff performed in many capacities for Defendant, becoming a supervisor in early 2001. Plaintiff's last job title with Defendant was Light Duty Supervisor.

6. Plaintiff successfully performed all duties assigned to him over his years of employment with Defendant.

7. While performing his required duties for Defendant, in or about July, 2007, Plaintiff dislocated his left shoulder, tore the rotator cuff and the biceps tender in his left arm and shoulder. By reason of these injuries, and the subsequent negative consequences therefrom, Plaintiff is "disabled" within the meaning of the Americans With Disabilities Act, and was perceived as disabled by Defendant.

8. Thereafter, Plaintiff continued to work with great difficulty due to his injuries until he was forced to leave work in order to have surgery for his injuries in April, 2008.

9. Plaintiff was out of work and receiving Workers' Compensation benefits until approximately August, 2008, when he was able to return to work, with restrictions, due to the injury he had sustained.

10. Upon returning to work, Plaintiff was assigned to monitor the "No Smoking" policy mandated at Defendant's facility. That position required Plaintiff to climb ladders, which activity had been prohibited by his treating physicians. Plaintiff complained to Mike Massington, Defendant's Manager of Safety and Health that the work he was now required to

do caused him pain in his left shoulder.

11.   Plaintiff thereafter reassumed the position of supervisor of light duty employees, one of the positions he had held before his surgery and leave of absence.

12.   Prior to his having surgery, Plaintiff had supervised laborers and electrical outfitters, in addition to supervising light duty employees.  He was fully capable of resuming all of those duties when he returned to work following his surgery, but Defendant did not restore Plaintiff to those positions.

13.   Plaintiff continued to perform the duties of supervisor of light duty employees, a position he was capable of performing and performed well.

14.   On October 2, 2008, Paul Weininger, Defendant's Manager of Human Resources, informed Plaintiff that he was terminated for allegedly contacting the parole officer of an employee of Defendant, which was a violation of company policy.  If  Defendant maintains a policy which prohibits its employees from speaking with parole officers of other employees, Plaintiff was unaware of such a policy and was not warned that this was Defendant's policy before he was terminated

15.  In fact, Plaintiff had merely returned the phone call of the parole officer, who wanted to thank him for recommending the hiring his parolee, without knowing in advance that the person who called him was a parole officer.  In that conversation, , there was no discussion of the parolee's background or criminal activity.  The reason given by Defendant for terminating

Plaintiff was a mere pretext when the real reason for his termination was the disability which Plaintiff had sustained in his work for Defendant, or the perception by Defendant that Plaintiff suffered from a disability and was, thereby, incapable of resuming the full duties he performed prior to his surgery.

16. Prior to the incident with the specific parolee in question, Plaintiff, as a supervisor, had been referred potential employees who had criminal records. Plaintiff did not act differently with regard to the employee/parolee in question than he had with prior potential employees referred to him.

17. Evidence of Defendant's discrimination against Plaintiff is shown by comments made to him by Mike Giantommaso, Defendant's Vice-President of Human Resources and comments made to another manager by Bob Fitzpatrick, Defenant's Vice-President for Production.

18. Shortly after his return to work in August, 2008, Mr. Giantommaso commented to Plaintiff about his tan appearance, as if Plaintiff had been on vacation instead of undergoing serious surgery. Mr. Giantommaso also commented that Plaintiff should have returned to work sooner than he did.

19. After his termination, Plaintiff learned from Stephen Young, a former manager for Defendant, that when Plaintiff was on the premises of Defendant to report on his physical condition in July, 2008 Mr. Fitzpatrick said to Mr. Young that Plaintiff was going to be fired because he had been out of work for four months because of a shoulder injury when another employee missed only two weeks of work after having hip surgery.

20. Since the termination of his employment with Defendant, Plaintiff has had to undergo complete replacement of his left shoulder due to the injuries he had originally sustained in July, 2007.

21. Since his termination, Plaintiff has been unable to obtain other employment.

22. As a result of his treatment by Defendant, Plaintiff has been denied rights guaranteed to him by law.

23. Defendant knew, or should have known, of the discrimination which was practiced against Plaintiff, and having the power and authority to prevent the commission of the wrongs, neglected and willfully refused to act in preventing the wrongs done to Plaintiff.

24. The acts of Defendant, through its agents, managers, officers and employees, were willful, wanton and malicious and were specifically calculated to harm Plaintiff and to violate his rights.

25. As a result of Defendant's wrongful conduct, Plaintiff has sustained significant loss of wages and benefits.

COUNT I

AMERICANS WITH DISABILITIES ACT

26. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through

25, above, as if set forth herein in full.

27.  Defendant discriminated against Plaintiff on the basis of Plaintiff's disability and/or his history of disability and/or a perception that Plaintiff was disabled by failing to reasonably accommodate Plaintiff at his former workplace and using a pretextual reason for terminating Plaintiff from his employment.

WHEREFORE, Plaintiff requests the following relief:

A.  A declaration that the conduct of Defendant constitutes a violation of rights guaranteed to Plaintiff;

B.  An award of back pay and all other benefits and increments to which Plaintiff is entitled;

C.  An award of front pay and all other benefits and increments to which Plaintiff is entitled;

D. An award of such other and further relief as the Court deems just, including, but not limited to, compensatory damages, punitive damages, prejudgment interest and such other reasonable and appropriate relief necessary to correct the illegality and wrong done to Plaintiff; and

E.  An award of plaintiff's costs and reasonable counsel fees.

## COUNT II
## PENNSYLVANIA HUMAN RELATIONS ACT

28. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 27, above, as if set forth herein in full.

29. Defendant's conduct also constitutes a violation of the Pennsylvania Human Relations Act.

      WHEREFORE, Plaintiff requests the following relief:

    A.  A declaration that the conduct of Defendant constitutes a violation of rights guaranteed to Plaintiff;

    B.  An award of back pay and all other benefits and increments to which Plaintiff is entitled;

    C.  An award of front pay and all other benefits and increments to which Plaintiff is entitled;

    D.  An award of such other and further relief as this Court deems just, including, but not limited to, compensatory damages, punitive damages, prejudgment interest and such other reasonable and appropriate relief necessary to correct the illegality and wrong done to Plaintiff; and

    E.  An award of Plaintiff's costs and reasonable counsel fees.

REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues to which the right to a trial by jury is applicable.

_____
STEVEN T. STERN, ESQUIRE
1608 Walnut Street, Ninth Floor
Philadelphia, PA 19103
(215) 732-4200
Attorney for Plaintiff, Steven L. Jones